# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL KELLY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND MADDEN,<br><br>　　　　Respondent. | Case No.: 1:16-cv-01577-DAD-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. No. 14]<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR STAY OF PROCEEDINGS [Doc. No. 17]<br><br>[TWENTY-ONE DAY DEADLINE] |

Petitioner filed a habeas petition in this Court on October 19, 2016. The Court ordered Respondent to file a response to the petition. On January 17, 2017, Respondent, noting that two of the three claims had not been presented to the California Supreme Court, moved to dismiss the petition for failure to exhaust state remedies. In response, Petitioner filed a motion to stay the petition under Rhines v. Weber, 544 U.S. 269 (2005), so he could return to the state courts to exhaust the two claims. Because the Court finds that the criteria for a stay set forth in Rhines is not met, the Court will recommend Respondent's motion to dismiss be GRANTED and Petitioner's motion for a stay be **DENIED**.

## DISCUSSION

I.　Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).

Respondent contends and Petitioner concedes that Grounds Two and Three of the petition are unexhausted because they have not been presented to the California Supreme Court. Therefore, the petition is a mixed petition containing unexhausted claims and must be dismissed. 28 U.S.C. § 2254(b)(1).

Petitioner has requested a stay of the mixed petition so that he can return to state court to exhaust the two claims. As will be discussed below, the Court does not find it appropriate to issue a stay in this case. Therefore, the Court will recommend the petition be dismissed, but Petitioner be granted an opportunity to withdraw the unexhausted claims in lieu of dismissal.

II.     Motion for Stay

A district court has discretion to stay a mixed petition and allow a petitioner to return to state court to exhaust state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances." Id. at 277. Specifically, the Court said a stay is appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Petitioner claims that he failed to raise the two unexhausted claims to the California Supreme Court due to the ineffective assistance of his appellate counsel. He notes that the two claims were included in the appeal to the California Court of Appeal; however, appellate counsel neglected to

include the claims in the petition for review to the California Supreme Court. Assuming this was sufficient cause to excuse the failure to include those claims, the Court must also determine if the other two factors are met. The third factor does not appear to be at issue, since there is no indication or argument that Petitioner engaged in abusive litigation or intentional delay. Nevertheless, the second factor is not met because the unexhausted claims are plainly without merit or are not cognizable.

In his second claim for relief, Petitioner asserts that the inconsistent verdicts concerning the enhancements violated the Double Jeopardy Clause. The jury found the aggravated kidnapping circumstance true but found the lesser included simple kidnapping circumstance not true. (LD[1] 1 at 9.) Petitioner argues that the not guilty finding on a lesser included circumstance precluded a guilty finding on the greater circumstance under double jeopardy principles. (LD 1 at 9.) The appellate court concluded that double jeopardy is not implicated in this case and the Court agrees. The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" Brown v. Ohio, 432 U.S. 161, 165 (1977) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). As noted by the appellate court, Petitioner was not twice prosecuted for the same offense. he was not convicted of both offenses and he was not punished twice for the same offense. Therefore, the Double Jeopardy Clause is inapplicable.

In his third claim for relief, Petitioner alleges the trial court violated Cal. Penal Code § 1161 by failing to instruct the jury to reconsider its verdict on the inconsistent circumstance findings. It is well-settled that federal habeas relief is not available to state prisoners challenging state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). As this claim is based on a violation of state law, it is not cognizable in this federal habeas action.

---

[1] "LD" refers to the documents lodged by Respondent with his motion.

In summary, because the two unexhausted claims are plainly without merit, the Court does not find cause for a stay of the proceedings. Therefore, the Court will recommend that the motion be denied.

## **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be **GRANTED**; Petitioner's motion for stay be **DENIED**; and Petitioner be **GRANTED** an opportunity to withdraw the unexhausted claims in lieu of suffering dismissal.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 19, 2017**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE